**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————

| | |
|---|---|
| **RAYMOND PORFIRI,** | ) |
| | ) |
| *Pro se* **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No. 14-cv-01649-JEB** |
| | ) |
| **RAFAEL MOURE-ERASO,** | ) |
| **Chairperson of the Chemical Safety** | ) |
| **and Hazard Investigation Board,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

———————————————————————

## <u>PLAINTIFF'S MOTION TO SEAL RECORDS</u>

Pursuant to Local Rule of Civil Procedure 5.1, *Pro se* Plaintiff, Raymond Porfiri

("Plaintiff"), hereby moves for an order of the Court to seal certain documents.  Plaintiff requests

that the Court seal exhibits A and B to the Defendant's Motion to Dismiss. The exhibits at issue

include plaintiff's request for a reasonable accommodation and two letters from plaintiff's

treating physician.  See Defendant's Motion to Dismiss, Dkt. No. 8 at Exhibits A and B.  Plaintiff

has consulted with counsel for Defendant concerning this motion.  Plaintiff's understanding is

that Defendant will not oppose this motion and assents to the requested relief.

A Memorandum of Law in Support of Plaintiff's Motion to Dismiss and a form of Order

accompany this Motion.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an ORDER sealing exhibits A and B of Defendant's Motion to Dismiss.

Dated: May 31, 2016

Respectfully submitted,

/s/ Raymond Porfiri
RAYMOND PORFIRI

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**RAYMOND PORFIRI,**                 )
                                                    )
             *Pro se* **Plaintiff,**              )
                                                    )
**v.**                                                 )          **Civil Action No. 14-cv-01649-JEB**
                                                    )
**RAFAEL MOURE-ERASO,**         )
      **Chairperson of the Chemical Safety**   )
      **and Hazard Investigation Board,**   )
                                                    )
                                                    )
             **Defendant.**                       )
_____)

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL RECORDS

Pursuant to Local Rule of Civil Procedure 5.1, *Pro se* Plaintiff, Raymond Porfiri ("Plaintiff"), has filed a motion requesting that the Court seal two exhibits attached to the Defendant's Motion to Dismiss.  The exhibits at issue include plaintiff's request for a reasonable accommodation and two letters from plaintiff's treating physician.  While there is a general presumption in favor of access to court records, Plaintiff argues below that application of the pertinent Hubbard factors in this case overcome the presumption with respect to the records at issue.  Accordingly, plaintiff requests that the Court exercise its discretion to seal the exhibits.

## I.   BACKGROUND

On March 16, 2015, Defendant moved to dismiss Plaintiff's complaint.  Defendant's Motion to Dismiss, Dkt. No. 8.  Defendant attached three exhibits to its motion, including the two at issue in this Motion, Exhibits A and B.  Exhibit A is a copy of Plaintiff's request for a reasonable accommodation.  Id.  Exhibit B consists of two letters by Plaintiff's treating physician which the Defendant had requested from the Plaintiff when he requested an accommodation.  Dkt. No. 8,

Exh. B. The eleven pages of Exhibit B detail Plaintiff's medical history and his need for accommodation. Id.  On August 17, 2015, the Court denied the Defendant's Motion except as to one count.[1]  Memorandum of Decision, Dkt. No. 18.  In October 2015, both parties agreed to mediation, and the Court referred the case.  Dkt. No. 24. On May 27, 2016, following months of negotiation, the parties filed a Stipulation of Settlement and Dismissal with the Court.  See Dkt. No. 36.

## I.     **APPLICABLE LAW**

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." United States v. Hubbard, 650 F.2d 293, 316–17 (D.C.Cir.1980) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978)).  When evaluating whether to seal case pleadings, "the starting point . . . is a `strong presumption in favor of public access to judicial proceedings.'" EEOC v. Nat'l Children's Ctr., 98 F.3d 1406, 1409 (D.C.Cir. 1996) (quoting Johnson v. Greater Southeast Cmty. Hosp. Corp., 951 F.2d 1268, 1277 (D.C.Cir.1991)). In Hubbard, the Court articulated the following six factors that a district court should weigh in determining whether and to what extent a party's interest in privacy or confidentiality justifies sealing a court record despite the presumption of access:[2]

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

---

[1] Following the Court's decision on the Motion to Dismiss, neither party conducted any discovery or entered evidence into the record.

[2]  The Hubbard Court observed that there was a generalized and particularized dimension to each factor.  For example, in considering factor 1, the Court noted that some aspects of the public's interest in access and of the appellants' interests in denying public access can be weighed without examining the contents of the documents at issue.  Hubbard, 650 F.2d at 317.

2

(4) The strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

E.E.O.C. v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (citing Hubbard, 650 F.2d at 317-22).

## III. **ARGUMENT**

For the reasons discussed below, Plaintiff respectfully requests that the Court exercise its discretion to seal the documents at issue, or alternatively, to allow Plaintiff to propose redactions to each Exhibit in a manner consistent with the Court's guidance.[3]

1. The Need for Public Access to the Documents at Issue

The first Hubbard factor concerns the need for public access to the documents sought to be sealed.  See Hubbard, 650 F.2d at 317.  There is a stronger presumption of transparency in some judicial proceedings than in others. Id.  For example, situations involving "access to the courtroom conduct of a criminal trial [or] a pre-trial suppression motion," or "documents which have been introduced as evidence of guilt or innocence in a trial," command a relatively strong presumption of openness.  Id.  The fact that the instant case does not fall within one of the aforementioned situations described in Hubbard weighs in favor of sealing the exhibits.  See Hubbard, 650 F.2d at 317.

Moreover, consideration of a motion to dismiss typically does not included consideration of a Plaintiff's medical records.  Rather, in evaluating a motion to dismiss, a Court typically accepts the allegations of the Plaintiff's complaint as true for purposes of assessing the sufficiency of the

---

3 "It may be that where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure would satisfy both interests."  Hubbard, 650 F.2d at 324-325.

Complaint. The general interest of promoting transparency in judicial proceedings is not at risk when a Court is merely considering the sufficiency of the complaint on its face in a motion to dismiss.

Moreover, Plaintiff respectfully suggests that there is no particular need for public access to 11 pages of his medical history to understand the Court's ruling in this matter.  For example, the Court relied on only a few paragraphs in Exhibits A and B to dispatch Defendant's argument to dismiss Count II.  See Memorandum of Decision, Dkt. No. 19 at 10-11.  There is no actual need for access to all 15 pages of Exhibits A and B to understand the Court's decision.

2.  The Extent of Previous Public Access

The second Hubbard factor considers previous public access to the documents.  In this instance, the Exhibits have been accessible to the public since their inclusion in docket when the Motion to Dismiss was filed.  Courts have considered previous public access to be a factor which could support maintaining public access.  However, "[d]etermining whether, when and under what conditions the public has already had access to court records in a given case cannot of course guide decision concerning whether, when and under what conditions the public should have access as an original matter."  Hubbard, 650 F.2d at 318.  Generally speaking, parties balance the competing needs of public access with the privacy interests of parties in medical information by entering into protective orders, sealing certain dockets, and taking other steps to balance these competing interests.

As it turned out, only a few paragraphs of Exhibits A and B were important to the Court's decision.  The fact that extensive additional medical information in the exhibits could be reached

by members of the public up until now does not favor ongoing public access to such sensitive information.

   3.   Fact of Objection and Identity of Those Objecting to Disclosure

   The third Hubbard factor considers whether a party objects to disclosure of the documents at issue and the identity of the party making that objection. See Hubbard, 650 F.2d at 319. "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F.Supp.2d 145, 149 (D.D.C.2010).  As Plaintiff has so moved, this factor favors sealing.

   4.   Strength of the Generalized Property and Privacy Interests Asserted

   The fourth Hubbard factor concerns the property and privacy interests of the party objecting to disclosure. Hubbard, 650 F.2d at 320.  The materials at issue include plaintiff's request for a reasonable accommodation and two medical records submitted by plaintiff's treating physician. As a general matter, there is a substantial privacy interest that all parties have in protecting the confidentiality of information in judicial proceeding to the maximum extent possible under the law. [4]

   In addition to this generalized privacy interest, plaintiff has a particular concern in safeguarding himself from improper use of detailed information in the Exhibits by third parties for purposes of identity theft.  With ever sophisticated software and techniques, identity criminals collate public information on individuals from multiple sources in order to commit

---

[4] There are a number of laws substantiating the generalized privacy interest in the protection of an individual's medical records and information, including the Freedom of Information Act and the Privacy Act. The Court's own filing guidelines recognize the significance of this general privacy interest and caution litigants to take steps to protect it.  See http://www.dcd.uscourts.gov/civil-privacy-notice, (cautioning parties to exercise caution when filing documents that contain medical records, treatment, and diagnosis information.)

identify fraud.  For these reasons, Plaintiff asserts that this factor weighs heavily in favor of sealing both exhibits.

5.   The Possibility of Prejudice to those Opposing Disclosure

The fifth Hubbard factor considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal. See Hubbard, 650 F.2d at 320-21 Friedman v. Sebelius, 672 F.Supp.2d 54, 60. (2009) (possibility of prejudice refers to "whether disclosure of the documents lead to prejudice in future litigation to the party seeking the seal.")  At present, the Plaintiff does not believe that disclosure would impact his rights in any future litigation.  Accordingly, the Court may exercise its discretion to treat this as a neutral factor.  See Hamiduva v Obama, Civil Action No. 08-1221 (CKK) (2015).

6.   Purposes for Which the Documents were Introduced

The sixth consideration in the Hubbard analysis concerns the purposes for which the documents were introduced.  See Hubbard, 650 F.2d at 321-22.  Each case is different but the Court's are less likely to weigh this factor against sealing if the introduction of the documents occurs prior to trial as part of discovery: "[i]f the documents were obtained through discovery, for example, they are afforded a stronger presumption of privacy[;]" however, "if the documents ... are entered as evidence during a trial, there is a strong presumption against sealing because a 'trial is a public event [.]' " Friedman, 672 F.Supp.2d at 61 (citations omitted).

In this instance, the documents at issue entered the record well prior to trial and even before discovery had commenced.  Defendant included the exhibits to support its argument to dismiss Count II of the Complaint (failure to accommodate).  Defendant's Motion to Dismiss, Dkt. No.

8, at pp.13-17.[5]  Specifically, Defendant relied on the exhibits to argue that Plaintiff's requests

for accommodations in fact had been granted—not to challenge the medical support for his

claim.  Id.  The Court rejected Defendant's argument and denied the motion to dismiss Count II.

Mem. Dec., Dkt. No. 19 at 10-11.  In doing so, the Court relied on only a few specific paragraphs

of the exhibits to dispose of the Defendant's argument.  Id. at 11-12.  Thus, the documents were

introduced to support an argument that did not rely on medical information and that the Court

rejected.  Moreover, the Court relied on only a small portion of the exhibits.  For these reasons,

this factor weighs in favor of sealing the exhibits or at least substantial portions of them.

## II.     CONCLUSION

WHEREFORE, Plaintiff respectfully request that the Court enter an Order directing that

Exhibits A and B to Defendant's Motion to Dismiss be sealed in their entirety.  In the alternative,

Plaintiff requests the exhibits be redacted in appropriate manner to limit to the extent possible the

disclosure of Plaintiff's personal medical information.


Date: May 31, 2016

Respectfully Submitted,


/s/ Raymond Porfiri
RAYMOND PORFIRI

---

5  At this early stage, the parties had not discussed or resolved how sensitive information would be protected during
the course of the case.